Argued December 5, 1963, affirmed February 13, 1964

STATE OF OREGON *v.* DAY

389 P. 2d 30

*Francis F. Yunker,* Portland, argued the cause for appellant. With him on the brief was George A. Haslett, Jr., Portland.

*Lewis B. Hampton,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

PER CURIAM.

The defendant was convicted of the crime of sodomy, and appeals.

The evidence discloses that the act of sodomy for which defendant was tried and convicted was committed as an act of entertainment at an evening stag party.

■ The defendant contends that the trial court erred in limiting the extent of her cross-examination of a Portland policeman who had attended the party. It appears from the testimony that other disgusting acts of sex perversion were committed by other so-called entertainers in the course of the evening. The defendant's cross-examination was principally directed to eliciting from the witness what he saw the other performers do.

The information sought was clearly collateral, irrelevant and immaterial and the trial court properly limited the examination. *Smith v. White,* 231 Or 425, 372 P2d 483.

■ The defendant also asked this witness if other people were in a booth where he was sitting, and,

upon receiving an affirmative answer, asked for their names. An objection was interposed and sustained by the trial court.

■ There is no question but that a great deal of latitude should be granted a defendant in the cross-examination of witnesses in a criminal case. However, unless the facts sought to be elicited would assist the jury in reaching its verdict, the court should prevent the injection of irrelevant matters into the case. It is not pointed out by defendant in what way the names requested would aid either defendant's defense or enlighten the jury.

The defendant also contends that she cannot be convicted solely upon the uncorroborated testimony of an accomplice. We agree with this proposition of law, but it has no application in this case.

The judgment is affirmed.